IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| LaPonda Phillips Parris, | ) | C/A No. 3:12-2202-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| SCANA; and Carmen Laliberte, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff LaPonda Phillips Parris ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this employment action against her former employer and alleged supervisor. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss one of the two defendants in this case without prejudice and without issuance and service of process.

I.       Factual and Procedural Background

Plaintiff alleges that for approximately thirteen years she was an employee of SCANA and that she was wrongfully terminated. [Entry #1 at 3–23]. She appears to allege that during her employment she endured unlawful discrimination based on religion, sex, and race, and that her supervisor, defendant Carmen Laliberte, and other employees committed many discriminatory acts against her. *Id.* Further, Plaintiff alleges that after she complained to

management and to the EEOC about the discrimination, the defendants retaliated against her.

*Id.*

Upon first review of the complaint, this court construed that Plaintiff had intended to sue SCANA as the only defendant. [Entry #9 at 4]. However, Plaintiff later informed the court that she intends to bring this action against Carmen Laliberte and SCANA. [Entry #16].

II.     Discussion

A.      Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal

court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.

*Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state

a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in

the pleading to allege facts which set forth a claim currently cognizable in a federal district

court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff alleges that Laliberte was her supervisor at SCANA and was an employee

of SCANA. [Entry #1 at 3]. Plaintiff does not allege that Laliberte was her employer. Title

VII prohibits an employer from discriminating against an individual because of the

individual's race, color, religion, sex, or national origin. *See Gerner v. Cnty. of Chesterfield*,

674 F.3d 264, 266 (4th Cir. 2012); 42 U.S.C. § 2000e-2(a)(1). The Fourth Circuit Court of

Appeals has held that there is no individual liability for employees or supervisors in cases

brought pursuant to Title VII. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir.

1998); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). Because it appears that

Plaintiff is attempting to sue Laliberte in her individual capacity for unlawful discrimination

pursuant to Title VII, which the law does not permit, Laliberte should be dismissed as a

defendant.

Moreover, even if Plaintiff's complaint could be liberally construed as alleging a state law claim against Laliberte, such a claim cannot proceed in this court because there is not the diversity jurisdiction required to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Diversity is lacking because it appears that Laliberte and Plaintiff are both domiciled in South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978) (complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side). Thus, Plaintiff has failed to allege that diversity subject matter jurisdiction exists in this case, and it appears that this court does not have diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss Carmen Laliberte from this action without prejudice and without issuance and service of process. In a separately-filed order, the undersigned is authorizing service of process upon SCANA.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 25, 2012                                    Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).