IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LaPonda Phillips Parris, ) | C/A No.: 3:12-2202-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Carmen Laliberte, SCANA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant SCANA Services, Inc.'s ("SCANA")[1] motion to strike dated October 19, 2012 [Entry #28] and Plaintiff's motion for extension of time to hire counsel dated October 30, 2012. [Entry #39].

I.   Factual and Procedural Background

A former SCANA employee, Plaintiff alleges that after she complained internally to management about her supervisor Carmen Laliberte, she began to suffer discrimination, retaliation, and harassment. [Entry #1 at 3, 23]. She further alleges that she experienced additional discrimination after filing a claim with the Equal Employment Opportunity Commission. *Id.* at 21. She appears to complain of discrimination on the basis of race, religion, and gender. *Id.* at 3–23.

---

[1] Defendant SCANA asserts that it was improperly named in the caption.

II.     Discussion

    A.     Defendant's Motion to Strike[2]

SCANA moves to strike from Plaintiff's complaint allegations related to the parties' settlement negotiations. [Entry #28]. SCANA identifies the following two allegations in Plaintiff's complaint wherein she refers to conciliation efforts attempted by the parties prior to her filing the present case:

- At Entry #1 at 19, Plaintiff alleges that on January 24, 2012, "I went to mediation with SCANA. SCANA wanted me to settle for 15,000 a year and they would pay my way to school and offer schooling, I ask them could I move to another dept. Stacey (VP) told lawyers if I got one more write up I was fired. Lawyer stated I didn't qualify to work in any other dept. They want me to except and leave SCANA. I did nothing the problem was the Supervisor."
- At Entry #1 at 20, Plaintiff alleges, "They fired me offer me 30,000."

Pursuant to Rule 408 of the Federal Rules of Evidence, evidence of "furnishing, promising, or offering . . . a valuable consideration in compromising or attempting to compromise the claim" is not admissible to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). Rule 408 provides exceptions to this general rule including "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

---

[2] Because Defendant's motion to strike requests that the court strike limited allegations in Plaintiff's complaint rather than the complaint in its entirety, the undersigned concludes that the motion is non-dispositive and may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed. 1990)).

The allegations set forth in Plaintiff's complaint fall within the compromise evidence contemplated by Rule 408 and none of the exceptions apply. Thus, pursuant to its authority under Fed. R. Civ. P. 12(f), the court grants Defendant's motion to strike the entirety of the allegation on page 19 of the complaint set forth above. The court further grants Defendant's motion to strike the allegation on page 20 of the complaint, but only as to the language "offer me 30,000." In granting this motion, the undersigned notes that Plaintiff will have the opportunity to amend her pleadings once she obtains counsel.

B.     Plaintiff's Motion for Extension

Plaintiff moves for an extension of the scheduling order deadlines to allow her time to obtain an attorney to represent her. [Entry #39]. The court grants Plaintiff's motion and will allow her 90 days within which to notify the court of the identity of an attorney to represent her in this case or, alternatively, of her desire to continue to proceed with this litigation "pro se"—without an attorney. To this end, Plaintiff shall, within 90 days from the date of this order, complete the attached notice and mail it to the Clerk of Court at the address indicated. If Plaintiff fails to file the attached letter with the Clerk

within the time prescribed, the court will assume she intends to proceed in this litigation without the benefit of an attorney. If Plaintiff chooses to proceed pro se, she remains responsible for insuring that the Clerk of Court has her current, accurate address. The court will consider Plaintiff pro se until she notifies the court that she has obtained an attorney to represent her in this matter.

Plaintiff is specifically advised that, if no new attorney is obtained to represent her interests, the court will expect this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure and that the court is unable to provide her with legal advice. Plaintiff is directed to consult the Pro Se Guide available on the District Court's website at www.scd.uscourts.gov under the "pro se" tab. Failure to comply with court rules could have serious consequences including, but not limited to, striking a claim, defense, pleading, dismissing the action for lack of prosecution, and/or holding the party in default.

The Clerk of Court is directed to suspend all scheduling order deadlines for 90 days.

IT IS SO ORDERED.

November 5, 2012                                Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

Name  _____

Address_____

_____

Clerk of Court
United States District Court
901 Richland Street
Columbia, South Carolina 29201

  *In Re: 3:12-2202-MBS-SVH Parris v. Laliberte, et al.*

Dear Mr. Propes:

  In response to the order of Judge Hodges dated November 5, 2012, I wish to advise as follows:

_____ 1.  I have obtained a new attorney to represent me in this matter. His [or her] name, address, and telephone number are as follows:

_____

_____

OR

_____ 2.  I have **NOT** obtained a new attorney and will represent myself in this matter. The clerk is directed to forward all notices and pleadings to me at the above address. I understand that I am obligated to comply with all provisions of the Federal Rules of Civil Procedure and to keep the Clerk of Court informed as to my proper address.

_____  _____
Signature                                                                    Date

_____
Printed Name