IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LaPonda Phillips Parris, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 3:12-cv-02202-TLW-SVH |
| ) | |
| SCANA; and Carmen Laliberte, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

Plaintiff, LaPonda Phillips Parris ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this employment action on August 3, 2012 against defendant SCANA ("SCANA"), plaintiff's alleged former employer, and defendant Carmen Laliberte ("Laliberte"), plaintiff's alleged former supervisor. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on September 25, 2012 by United States Magistrate Judge Shiva V. Hodges, to whom this case has been assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #20). In the Report, the Magistrate Judge recommends that defendant Laliberte be dismissed from the above-captioned case without prejudice and without issuance and service of process. (Doc. #20). The plaintiff filed objections to the Report on October 11, 2012. (Doc. #25).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part,

1

the recommendations contained in that report.  28 U.S.C. § 636.  In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, this Court has reviewed, de novo, the Report and the plaintiff's objections thereto.  After careful review of the Report and objections, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation (Doc. #20).[1]  Therefore, for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the above-captioned case is **PARTIALLY DISMISSED** without prejudice and without issuance and service of process as to defendant Carmen Laliberte.  Defendant Carmen Laliberte is hereby dismissed from this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

February 8, 2013
Columbia, South Carolina

---

[1] The Court notes that the analysis set forth in the Magistrate Judge's Report and Recommendation with regard to supplemental jurisdiction under 28 U.S.C. § 1367 may not apply because the Court has original jurisdiction over this case based on 28 U.S.C. § 1331 federal question, rather than solely on 28 U.S.C. § 1332 diversity.  See 28 U.S.C. § 1367(a), (b).