IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LaPonda Phillips Parris, | ) | C/A No.: 3:12-2202-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SCANA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the following motions: (1) Plaintiff's motion for an indefinite extension [Entry #61]; (2) the motion of Defendant SCANA Services, Inc.[1] to compel [Entry #64]; and (3) Defendant's motion for an extension of time to file dispositive motions [Entry #65]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings.

I.    Plaintiff's Motion for an Extension

Plaintiff originally filed this employment discrimination case pro se on August 3, 2012. [Entry #1]. After Defendant answered on October 19, 2012 [Entry #29], Plaintiff filed a motion on October 30, 2012, requesting an indefinite extension of time to find an attorney because she realized she was "in over [her] head with this case." [Entry #39]. The court granted a 90 day suspension of the deadlines to allow Plaintiff to find an attorney, or continue to proceed pro se.  [Entry #45].  On the last day of the 90-day extension, Plaintiff filed another motion for an indefinite extension to find an attorney.

---

[1] Defendant asserts that its proper name is SCANA Services, Inc. [Entry #29 at 1].

[Entry #44].   The court granted an additional 30 day suspension of the deadlines to allow Plaintiff to find an attorney, or continue to proceed pro se.  [Entry #45].  The court noted that "No further suspension of the deadlines will be granted absent exceptional circumstances." *Id.* On March 8, 2013, Jennifer Munter Stark, Esq. ("Attorney Stark") entered an appearance on Plaintiff's behalf, and the court issued an amended scheduling granting an additional seven months for discovery. [Entry #52].  Eleven days prior to the close of discovery, Attorney Stark filed a motion to withdraw as counsel for Plaintiff, with Plaintiff's consent. [Entry #57].   The court granted the motion to withdraw on October 23, 2013.  [Entry #58].  On October 25, 2013, Plaintiff filed another motion for an indefinite extension to find an attorney and to "work and make some money to take this case forward." [Entry #61].

As detailed more fully in the undersigned's October 23, 2013 order [Entry #61], Plaintiff has been given multiple extensions of time to find an attorney. To the extent Plaintiff seeks another indefinite extension of time to find an attorney, her motion is denied. However, the undersigned will issue a second amended scheduling order that extends by 60 days the deadlines for the completion of discovery and the filing of dispositive motions. No further extensions will be granted.  Plaintiff is reminded that she is expected to comply with these deadlines regardless of whether she retains an attorney to represent her in this matter, and her failure to retain new counsel will not excuse any failure to comply with deadlines set by the court.  If Plaintiff wishes to abandon this case, she may file a stipulation of dismissal, signed by counsel for Defendant, in compliance with Fed. R. Civ. P. 41(a)(1)(A)(ii).  Otherwise, if Plaintiff fails to proceed with this case

according to the federal rules and court's deadlines, the court may dismiss the case and assess costs against her.

## II.     Defendant's Motion to Compel

In its motion to compel, Defendant requests that Plaintiff be ordered to supplement her responses to its discovery requests. [Entry #54]. Defendant attaches an excerpt from Plaintiff's deposition in which she stated that she has a filing cabinet containing documents that she did not turn over to her attorney. [Entry #64-3]. Defendant's motion to compel is granted, and Plaintiff is directed to serve Defendant with supplemental discovery responses by November 25, 2013. The supplemental responses should include the production of all documents relevant to a claim or defense that have not yet been provided to Defendant which are not otherwise subject to an applicable privilege. Plaintiff is advised that failure to comply with this directive may result in sanctions, including striking a claim, dismissal of this action, and requiring her to pay Defendant's attorney's fees and expenses in attempting to obtain discovery to which it is entitled under the Federal Rules of Civil Procedure.

## III.     Motion for an Extension to File Dispositive Motions

Defendant requests an extension of the deadline for filing dispositive motions until Plaintiff has provided full and complete supplemental discovery responses. [Entry #65]. Defendant's motion is granted. The new deadline for filing dispositive motions is December 30, 2013, as reflected in the separately-issued second amended scheduling order.

IT IS SO ORDERED.

November 14, 2013                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge